13-28n-01(JGM)

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

FILED
2013 MAY 15 P 1:32
US DISTRICT COURT

| | |
|---|---|
| United States of America<br>v.<br>JOHN J. SIMON, JR.<br>a/k/a "Buzzy Simon"<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  13MJ195 JGM<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 2009 to August 2010__ in the county of __Tolland__ in the _____ District of __Connecticut__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1341 | Knowingly and willfully participated in a scheme and artiface to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises,with knowledge of its fraudulent nature and with specific intent to defraud, and in the execution and in furtherance of the scheme, used or caused the use of the mails. |

This criminal complaint is based on these facts:
See attached affidavit of Special Agent Robert A. Breunig, VA OIG.

☑ Continued on the attached sheet.

*Complainant's signature*

Robert A. Breunig, Special Agent, VA OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/14/2013

*Judge's signature*
S/S Joan Margolis  USMJ
*Printed name and title*

City and state: New Haven, Connecticut

UNITED STATE DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2013 MAY 15  P 1:32

US DISTRICT COURT
HARTFORD CT

CITY OF NEW HAVEN          :
                           :     May 14, 2013
NEW HAVEN COUNTY           :

## AFFIDAVIT

ROBERT A. BREUNIG, being duly sworn, deposes and states the following:

1.  I am a Special Agent with the Department of Veterans Affairs, Office of Inspector General, Criminal Investigations Division ("VA OIG"), and have been so employed for approximately nine years. I am currently assigned to the Newark, New Jersey field office. Since becoming a Special Agent with the VA OIG, I have participated in criminal investigations including investigations into fraud against the VA and veterans, and as such, have participated in investigations concerning violations of the federal law listed in this affidavit.

2.  I am an investigative or law enforcement officer of the Untied States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal felony offenses.

3.  The statements contained in this affidavit are based, in part, on information provided by Special Agents of the Internal Revenue Service, Criminal Investigation Division; on information provided by Connecticut State Police, and other law enforcement officers; on information provided by persons with direct knowledge; the review of business records kept and maintained in the regular and ordinary course of business of telephone and utilities service providers; and my experience and training. Because this affidavit is being submitted for the limited purpose of securing a complaint and warrant of arrest charging the defendant with a



federal offense, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only those facts which I believe are necessary to establish the existence of probable cause to support the issuance of the complaint and arrest warrant.

4.      As a result of my participation in this investigation and the materials recited above and on the basis of other information which I have reviewed and determined to be accurate and reliable, I believe that JOHN J. SIMON, JR., who is also known as "Buzzy Simon," onnecticut, has committed the offense of mail fraud, 18 U.S.C. § 1341. Therefore, I submit this affidavit in support of a criminal complaint and an arrest warrant.

5.      According to the State of Connecticut Judicial Branch website and my review of Connecticut State Police reports, on July 10, 2002, SIMON was convicted in Connecticut State Court of third-degree larceny. The offense involved a scheme through which SIMON obtained $2,700 from the wife of a veteran in exchange for a promise to help maximize her husband's government benefits. SIMON was sentenced to five years in prison, execution suspended, and five years probation

6.      Section 1341 of 18 U.S.C. provides in relevant part that "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such

matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon . . . any such matter or thing, shall be" guilty of a felony offense.

7.      During the course of the investigation, I personally spoke with various people who told me that SIMON had defrauded them of money in connection with SIMON's representations that he would assist them to obtain or increase their VA benefits.

8.      SIMON is a Vietnam War veteran and a retired carpenter. He has been involved in veterans' causes since at least the mid-1990s, including as president of the Western Massachusetts Shelter for Homeless Veterans. At no time has SIMON been recognized by the Secretary of Veterans Affairs under 38 U.S.C. § 5904(a) as an agent or attorney, as required in order to assist claimants in the preparation, presentation, and prosecution of claims for VA benefits, *see* 38 C.F.R. § 14.629(b)(1), or to receive fees from claimants for services provided in connection with representation, *see* 38 C.F.R. § 14.636. Furthermore, the assistance purportedly offered by SIMON as part of the scheme or artifice to defraud, consisted of representation in connection with a proceeding before the Department of Veterans Affairs ("VA") with respect to benefits under laws administered by the Secretary, to be provided before the date on which any notice of disagreement was filed, such that the payment of any fee in connection with such representation was prohibited by 38 U.S.C. § 5904(c)(1). Finally, at no time has SIMON been a service officer affiliated with the Disabled American Veterans.

9.      From approximately April through June 2009, SIMON received a total of $12,871 from a person identified by his initials as T.D. T.D. is a veteran who was looking for help in obtaining monetary benefits from the VA. SIMON offered to assist T.D. in obtaining VA benefits. The money that T.D. gave to SIMON was for what SIMON called his out of pocket

expenses in paying an attorney named "Dave Turner" to do research and other work in furtherance of T.D.'s claim. I have been unable to identify an attorney named Dave Turner or any other attorney employed by SIMON working on T.D.'s claim. On or about August 31, 2009, T.D. mailed correspondence he had received from VA relative to his claim for benefits to SIMON at his address in Stafford Springs. T.D said that the only reason he eventually obtained VA benefits is that he went and applied for them himself.

10. From July 2009 through January 2010, SIMON received a total of $4,200 from A.G., who is a veteran, and A.G.'s wife, S.G., by false or fraudulent means. Through a mutual friend, A.G. and S.G. heard that SIMON could help obtain VA benefits. They contacted SIMON and SIMON told them that he would use an attorney named "John Turner" to research their claim. SIMON collected money from A.G. and S.G. to pay what he stated were Turner's fees. SIMON never incurred such personal expenses and there never was an attorney named John Turner or any other attorney employed by SIMON working on their claim. On or about July 3, 2009, September 10, 2009, December 3, 2009, and January 13, 2010, A.G./S.G., who were living in Florida, mailed to SIMON each of the four personal checks as payment for assisting A.G. obtain VA benefits.

11. Between March 2009 and April 2010, as part of a scheme or artifice to defraud and to obtain money or property by means of false or fraudulent pretenses, representations, or promises, SIMON solicited and received from a person identified by his initials J.C.G., who is a combat-injured Vietnam War veteran and who suffers from several service-related disabilities. SIMON befriended J.C.G. through other veterans, and offered to assist him in obtaining increased VA benefits. J.C.G. made 16 payments by check and one payment by cash, in amounts

4

ranging from $300 to $1,200 and totaling $14,700. J.C.G. told me that he mailed each of the 16 checks to SIMON in Connecticut. The checks are dated March 11, 2009 through April 25, 2010. SIMON told J.C.G. that the money J.C.G. provided to him was being used to retain an attorney named Dave Turner and to reimburse SIMON for related expenses. Based on my investigation, it does not appear that SIMON incurred any legal or other significant expenses on behalf of J.C.G.

12. From July through August 2010, SIMON received a total of $3,300 from a person identified by his initials J.A.G. by false or fraudulent means. J.A.G. met SIMON while doing work at SIMON's home in Stafford Springs. SIMON learned that J.A.G. was a veteran and offered to assist J.A.G. in obtaining VA and Social Security benefits. SIMON told J.A.G. that he would need money to investigate and research J.A.G.'s case and that he was having meetings to discuss J.A.G.'s case. On or about August 4, 2010, J.A.G. mailed SIMON a check for $900 as payment for the investigation and research that SIMON was doing. A check of VA databases shows that no claim has ever been filed on behalf of J.A.G.

13. Based on a review of the veteran files for T.D., A.G., J.C.G, and J.A.G., there was no correspondence or notations in the files for any person with the last name Turner or the name JOHN SIMON. The files reflect that a veterans service organization represented T.D., A.G. and J.C.G. With respect to J.A.G., no one represented him because no claim was filed.

14. Based on the foregoing, there is probable cause to believe, and I do believe, that JOHN J. SIMON, JR., in the District of Connecticut, knowingly and willfully participating in a scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises, with knowledge of its fraudulent nature and with specific intent to

defraud, and in the execution and in furtherance of the scheme, used or caused the use of the mails, in violation of 18 U.S.C. § 1341.

    15.    In order to safely effectuate the arrest of SIMON, I respectfully request that the criminal affidavit, supporting affidavit, and arrest warrant be sealed until SIMON is arrested and presented in federal court, at which time they may be unsealed.

                                                                         ROBERT A. BREUNIG
                                                                         SPECIAL AGENT, VA OIG

Subscribed and sworn to before
me this 14th day of May, 2013,
at New Haven, Connecticut.

/s/ Joan Glazer Margolis USMJ
JOAN GLAZER MARGOLIS
UNITED STATES MAGISTRATE JUDGE